IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BLACKBOARD, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:06-CV-00155-RHC |
| v. | § | |
| | § | JUDGE RON CLARK |
| DESIRE2LEARN, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**ORDER**

Blackboard has moved to strike Desire2Learn's fourth dispositive motion for exceeding the sixty page limit of the scheduling order.  The page limit was adopted to encourage counsel in focusing on key issues.  Allowing Desire2Learn to exceed the limit is not likely to illuminate the issues in this case, so the motion is granted.

The parties in this case have, between them, filed 48 motions, responses and replies in less than 14 months, which, including attachments and exhibits, comprise no fewer than eleven thousand pages.  They seem to share the misconception, popular in some circles, that motion practice exists to require federal judges to shovel through steaming mounds of pleonastic arguments in a Herculean effort to uncover a hidden gem of logic that will ineluctably compel a favorable ruling.  Nothing could be further from the truth.

In the context of a motion for summary judgment, for example, it is counsel's responsibility to hone in on the precise dispositive elements of a case, concerning which "there is no genuine issue as to any material fact."  This is frequently easier for a defendant, which need only negate one essential element of a plaintiff's cause of action. If an opponent's case is so weak

that a wide choice of dispositive arguments is available, it should be easy to choose one or two of the best. Inundating the court with a veritable smorgasbord of issues from which to choose leads to the conclusion that a party is unable to articulate clear grounds for judgement as a matter of law.

To date, Defendant has filed four dispositive motions in this case:

1. A motion which was a combination of: (A) Defendant's Response to Blackboard's Motion for Partial Summary Judgment on Desire2Learn's Third Affirmative Defense of Express or Implied License / Patent Exhaustion, (B) Defendant's Cross-Motion for Summary Judgment of License, and (C) Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction [Doc. # 126, filed October 19, 2007];

2. Motion for Summary Judgment on Unenforceability of U.S. Patent 6,988,138 [Doc. # 127, filed on October 19, 2007];

3. Motion for Summary Judgment of Invalidity of U.S. Patent 6,988,138 [Doc. # 129, filed on October 22, 2007]; and

4. Motion for Summary Judgment, or in the Alternative for Partial Summary Judgment, of Non-Infringement of Claim 36 of U.S. Patent 6,988,138 [Doc. # 132, filed October 22, 2007].

The limit of sixty pages was clearly spelled out: "Regardless of how many dispositive motions a party files, each side is limited to a total of 60 pages for such motions." Scheduling Order [Doc. # 43]. Defendant argues that Doc. # 126 is almost entirely a response to Plaintiff's Motion for Partial Summary Judgment and should therefore not count toward the dispositive motion page limits. This an interesting position, considering that the caption on page 3 of this motion reads "D2L's Motion To Dismiss Under Rule12(b)(1) and Cross-Motion For Summary Judgment of License" and the remainder of argument in the document is under that caption.

Requiring the court to pick through Defendant's motion, locate the specific paragraphs that deal with each particular issue, and compile a tally of how much of the motion concerns

Defendant's Motion for Summary Judgment is not contemplated by the Federal Rules of Civil Procedure, the Local Rules, nor by the court's Scheduling Order.[1]  Defendant cannot circumvent the plain language of the Scheduling Order limiting it to sixty pages for dispositive motions simply by filing a motion for summary judgment in the same document as its response to Plaintiff's Motion For Partial Summary Judgment.

IT IS THEREFORE ORDERED that Plaintiff Blackboard, Inc.'s Motion to Strike Defendant Desire2Learn, Inc.'s Motion For Summary Judgment of Non-Infringement For Exceeding the Court's Page Limitations [Doc. # 135] is GRANTED.  Defendant Desire2Learn, Inc.'s Motion for Summary Judgment, or in the Alternative for Partial Summary Judgment, of Non-Infringement of Claim 36 of U.S. Patent 6,988,138 [Doc. # 132] is struck.

So **ORDERED** and **SIGNED** this **5**   day of **November, 2007.**

_____
Ron Clark, United States District Judge

---

[1] The parties dispute whether pages only partially filled with text should count toward the page limit.  The court declines to engage in such a debate, and will include partially filled pages in its overall count.