IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BLACKBOARD, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 9:06-CV-00155-RHC |
| v. | § | |
| | § | JUDGE RON CLARK |
| DESIRE2LEARN, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**MEMORANDUM RE PLAINTIFF'S MOTION TO COMPEL**

Blackboard's Motion to Compel Defendant Desire2Learn To Produce Relevant Documents Relating to Desire2Learn's Services **[Doc. # 140]**, is referred to the undersigned *ad hoc* for determination under a blanket referral order entered on September 23, 2006 **[Doc. #22]**.

**I.  Nature of Suit; Procedural Background**

Plaintiff Blackboard filed suit against Defendant Desire2Learn on July 6, 2006, alleging infringement of United States Patent No. 6,988,138 ("the '138 Patent").  The `138 patent relates to systems and methods for implementing education by providing institutions with the means for allowing the creation of courses to be taken by students online.  The court issued its Claim Construction Order construing terms of the '138 Patent on August 3, 2007 [**Doc. # 110**].  Blackboard's Motion For Reconsideration was denied on October 15, 2007 **[Doc. # 123]**.

1

During pendency of this action, the parties have indulged themselves in a long and well-documented history of discovery disputes. In a recent Order Granting Plaintiff's Motion to Strike, the court noted that over the past fourteen months, the parties have, between them, "*filed 48 motions, responses and replies...which, including attachments and exhibits, comprise no fewer than eleven thousand pages."* **[Doc. # 148,** November 5, 2007**]**. Within a scant three days thereafter, eight additional motions, responses, a reply, and a sur-reply were filed **[Docs. # 145-47, 149-53]**, and these new filings, together with attachments, consume over three thousand additional pages. As part of this relentless paper war over the past eight months, no fewer than four motions to compel discovery **[Docs. # 46, 47, 49, 140]**, plus two motions to strike on discovery-related issues, have been filed. **[Docs. # 137, 146]**.

## II. BLACKBOARD'S MOTION TO COMPEL; DESIRE2LEARN'S RESPONSE

Under the court's Scheduling Order **[Doc. # 43]**, discovery concluded on October 17, 2007. Blackboard filed the Motion to Compel now under consideration on October 30, 2007. Blackboard seeks to compel Desire2Learn to produce all documents not yet produced relating to the services Desire2Learn provides for each of its United States clients, including hosting, training, help desk, implementation, customization, and content. Alternatively, Blackboard requests that the court compel Desire2Learn to certify, individually for each client, that such service documents do not exist.

Desire2Learn responds that Blackboard's motion is untimely, as the discovery period closed on October 17, 2007, and also because the documents Blackboard seeks to compel are not relevant or are cumulative or duplicative of documents already produced.

2

## III. DISCUSSION

**A.     Relevancy**

In federal practice, pretrial discovery is a "broad regime." *See O2 Micro Int'l v. Monolithic Power Sys.*, 467 F.3d 1355, 1366 (5th Cir. 2006). Rule 26(b), Federal Rules of Civil Procedure, authorizes discovery of information "*relevant to the claim or defense of any party*." That phrase is defined expansively in Local Rule CV-26(d).[1]

It is virtually self-evident that the requested information is relevant to a claim or defense. Blackboard's July 26, 2006, Complaint alleged that Desire2Learn's "*services supporting these D2L products, such as hosting services, training services, help desk support services, implementation and customization professional services, and content services*" infringe the '138 Patent. Pl. Comp. ¶ 10 **[Doc. # 1]**. Blackboard's initial Disclosure of Asserted Claims and Preliminary Infringement Contentions, served on December 22, 2006, identified as Accused Instrumentalities:

> *all versions of all D2L products based on the D2L learning system or platform...such as the D2L eLearning Technology Suite, which includes the D2L Learning Environment, Learning Repository and LiveRoom...and all services supporting these D2L products,*

---

[1]   Under Local Rule CV-26(d), something is relevant if:
(1) It includes information that would not support the disclosing parties' contentions;
(2) It includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;
(3) It is information that is likely to have an influence on or affect the outcome of a claim or defense;
(4) It is information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense; and
(5) It is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense.

> *such as hosting services, training services, help desk support services, implementation and customization professional services, and content services.*

Pl. Mot. to Compel, Ex. 1 at 2 **[Doc. # 140]**.  Blackboard later amended its Infringement Contentions on April 11, 2007, and stated that Desire2Learn's "*Service Spectrum,*" which included "*hosting services, training services, help desk support services, implementation and customization professional services, and content services,*" infringed the '138 Patent by performing the steps of method claims 36-44.  *Id.*, Ex. 6, at 3.

Blackboard has repeatedly identified Desire2Learn's services as infringing instrumentalities.  Thus, documents related to how those services are implemented and administered for Desire2Learn's clients are relevant to Blackboard's infringement allegations.  At a minimum, these documents read on Blackboard's claim that Desire2Learn has induced and contributed to direct infringement of method claims 36-44 by encouraging and enabling Desire2Learn's clients to infringe.

Desire2Learn disputes relevancy because in its eyes Blackboard has failed to identify with specificity *how* Desire2Learn's implementation services infringe the '138 Patent.  Standing alone, this alleged deficiency is an insufficient basis for the court to conclude that the documents are not discoverable.  Several cases in this district hold that "*relevant discovery in a patent infringement suit includes discovery relating to the technical operation of the accused products, as well as the identity of and technical operation of any products reasonably similar to any accused product.*" *EpicRealm Licensing, LLC v. Autoflex Leasing, Inc.*, 2007 U.S. Dist. LEXIS 69784 at * 11 (E.D.

Tex. Aug. 27, 2007); *see also Microunity Sys. Eng'g, Inc. v. Advanced Micro Devices, Inc.*, 2-06-cv-486 [Doc. # 38] at 3 (E.D. Tex. May 23, 2007).

Desire2Learn also argues that Blackboard's motion lacks merit because reasonable and competent counsel would not consider the information necessary to prepare, evaluate, or try a claim or defense.  However, Desire2Learn offers no plausible explanation for this conclusory assertion. Desire2Learn speculates only that Blackboard acknowledged by inference that the documents are not needed by competent counsel because (a) they were not included in two letters defining documents Blackboard thought to be encompassed by Desire2Learn's Mandatory Disclosure obligations ( Def. Resp. to Pl.'s Mot. to Compel, Exs. U, V **[Doc. # 153]**), and (b) Blackboard filed a summary judgement motion on infringement prior to filing the Motion to Compel.

Desire2Learn's arguments both miss the mark.  Blackboard's referenced letters only sought to "define certain categories of documents that Blackboard expects Desire2Learn to produce as part of its Mandatory Disclosures."  All relevant and *discoverable* documents are not included within a party's mandatory *disclosure* obligations.  Second, Blackboard's motion for summary judgment was filed on the dispositive motion deadline – while the parties still were discussing the possibility of disclosure without court intervention.  Blackboard had little or no choice but to file its summary judgment motion without assistance of the requested documents. Blackboard  has, however, consistently maintained that Desire2Learn's *services* are an accused infringing instrumentality, and that the requested documents relating to those services are relevant to Blackboard's infringement claims.

**B.      Timeliness**

Desire2Learn's stronger argument is that Blackboard's motion – filed after the close of discovery – is too late. Rule 37, Federal Rules of Civil Procedure, does not establish any deadline for filing a motion to compel. However, the court's Scheduling Order (establishing an October 17, 2007, deadline for filing any "*motions that may require a hearing*" **[Doc. #43]**) arguably does. If so, the court surely has discretion to deny as untimely a motion to compel filed outside the discovery period.

Exercise of *sound* discretion, however, requires that a court not enforce its scheduling order deadline rigidly and without regard to underlying facts and circumstances. *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395 (N.D. Tex. 2006), after surveying a number of cases from other circuits (in which a district court's denial of a motion to compel filed after the discovery period had closed was found not to be an abuse of discretion), compiled a number of secondary factors courts should consider when deciding whether a motion to compel filed after the close of discovery is untimely:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule.

*Days Inn*, 237 F.R.D. at 398. The *Days Inn* analysis recently was applied in this district. *See Visto Corp. v. Microsoft*, 2007 U.S. Dist. LEXIS 68226 at *7-11 (E.D. Tex. Aug. 31, 2007).

Desire2Learn advocates that application of the *Days Inn* factors will result in denying Blackboard's motion as untimely. The court's analysis, however, does not produce the same conclusion. Blackboard's Motion to Compel was filed October 30, less than two weeks after the discovery period closed on October 17. Desire2Learn was on notice by October 11 (before the close of discovery) that Blackboard planned to file a Motion to Compel in the event the requested documents were not produced. The parties were conferring on the discovery issue throughout October. Blackboard courteously provided Desire2Learn additional time to produce the requested documents before seeking court intervention. This commendable attempt to reach an agreement seems to be the only reason this motion was not filed before October 17. *See, e.g.*, Pl. Mot. to Compel, Ex. 22 at 2[2]; Ex. 23 at 2; Ex. 28 at 3; Ex. 29 at 2; Ex. 30[3] **[Doc. # 140]**. Therefore, the court will not penalize Blackboard for attempting to first resolve discovery disputes without resorting to court intervention.

---

[2]     In an October 12, 2007, letter, Mr. Spivey responded to Blackboard's representation that it would file a motion to compel on October 17 if the documentation was not produced by stating that "*Desire2Learn questions Blackboard's motives given that it has agreed to address each of the concerns raised in your October 11, 2007 letter and provide Blackboard with a response*," and that Desire2Learn was "*diligently working*" to address Blackboard's concerns.

[3]     In an October 26, 2007, letter, Mr. Spivey responded to Blackboard's counsel's letters of October 24 and 25, both of which pertained to prior conversations between the parties wherein Mr. Spivey asked for time to discuss the discovery issues with his client. Mr. Spivey stated that he will address "*every issue raised in* [Plaintiff's letter of October 25]," but noted that all of Defendant's key staff were at a conference and "*are unable to attend to your request [for discovery documents] on the shortened deadline set forth during the meet and confer [of October 25]*." Mr. Spivey further stated that Defendant will "*investigate and make sure that it has provided Blackboard with all of the profect plans it has in its possession, custody, and control for all of its U.S. clients after January 26, 2006*."

### C.   Cumulative Nature of Documents

Desire2Learn also argues that the motion lacks merit because it seeks to compel cumulative or duplicative information.  Rule 26(b)(2)(C)(i) states that discovery shall be limited by the court when the discovery sought is unreasonably cumulative or duplicative.

Undoubtedly, the parties are in a better position than the court to ascertain whether further production will be duplicative.  Certainly, it appears that Desire2Learn previously has produced *some* documentation on the subject at issue.  During several depositions of Desire2Learn's employees taken in August, 2007, witnesses stated that Desire2Learn kept workbooks which contained information about implementation, configuration, and the set-up of Desire2Learn's system for all clients.  *See, e.g., id.* at Ex. 13, 87:14-89:8; Ex. 16 at 82:8-83:10, 86:1-87:2, 95:11-96:13.  Defense counsel represented at the deposition of Jeremy Auger, that the workbooks, or "*what is used by the implementation services team in order to deploy a product*," had been previously been produced to Plaintiff.  *Id.* at Ex. 13, 234:15-235:6.  However, Desire2Learn later produced more client workbooks on October 8, 2007.  *Id.* at Ex. 8.  By letter of October 11, Blackboard requested documents relating to implementation services that had not previously been produced.  *Id*. at Ex. 21.  On October 15, Desire2Learns produced even more additional documents in response to this request.  *Id.* at Ex. 24.

Given this history, the court suspects that if *all* documentation at issue were previously produced, neither party would have found it necessary to devote over 3000 pages to advocate their opposing views on the subject.  Moreover, Desire2Learn has, on at least one other occasion,

played word games while characterizing as cumulative or substantially redundant relevant documents that had not been previously produced.[4]  For these reasons, the court declines Desire2Learn's invitation to declare the requested documentation as being unreasonably cumulative or duplicative.

### IV. CONCLUSION

Having determined that the requested documentation is relevant and not unreasonably cumulative or duplicative, and having further concluded that Blackboard's motion is timely, the court will grant the motion by separate order.

SIGNED this __14__ day of November, 2007.

_____
Earl S. Hines
United States Magistrate Judge

---

[4]  Desire2Learn produced documents relating to Vol030 on May 25, 2007, with an accompanying letter stating that the documents were "*cumulative and substantially redundant*" of its previous production.  In a follow-up letter on May 29, Desire2Learn stated that it was "*not aware of any additional documents relating to its services and is not intentionally withholding documents relating to the Accused Services*."  On June 12, Blackboard informed Desire2Learn that many of the Vol030 documents were not previously produced.  Desire2Learn responded coyly on June 20, that "*[w]hile some of these documents may not have been previously produced, they do not contain substantive information regarding the claims and defenses relevant to this case that was not previously produced*." Pl. Mot. to Compel, Exs. 8-12 [**Doc. # 140].**