IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BLACKBOARD, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 9:06-CV-155 |
| v. | § | |
| | § | |
| DESIRE2LEARN, INC., | § | JUDGE RON CLARK |
| | § | |
| *Defendant.* | § | |

## ORDER ON JOINT INFRINGEMENT ALLEGATIONS

Desire2Learn contends that Blackboard failed to properly plead or disclose a claim of

"joint infringement" and thereby waived the claim. Desire2Learn also alleges that the parties had

originally agreed to an *in limine* ruling limiting the parties to their infringement/invalidity

contentions.[1] Desire2Learn asserts that the Infringement Contentions provided by Blackboard are

in violation of P.R. 3-1 because the contentions related to joint direct infringement are not

sufficiently detailed.

Desire2Learn was put on notice of joint direct infringement allegations because the

infringement contentions disclosed (admittedly in sketchy fashion), that the asserted claims could

be performed by a combination of the actions of Desire2Learn and its customers. Desire2Learn

did not move to strike Dr. Mark Jones' September 19, 2007 expert report, which contained joint

direct infringement analysis. Desire2Learn has already provided its own rebuttal report fully

addressing joint direct infringement. Therefore, the court denies Desire2Learn's motion.

---

[1]Desire2Learn has filed a Joint Motion in Limine limiting the parties to their respective
Infringement Contentions and Invalidity Contentions. [Doc. #287]. Blackboard states that this
motion is opposed. [Doc. #288].

## I. Background

Blackboard alleges that Desire2Learn infringes U.S. Patent No. 6,988,138 ("the '138

patent").  The '138 patent generally relates to systems and methods for implementing education

online.

A chronology of events is helpful to the analysis:

| | |
|---|---|
| July 26, 2006 | Blackboard filed its Complaint |
| December 22, 2006 | Blackboard filed its Infringement Contentions. |
| February 19, 2007 | Desire2Learn filed a Motion to Compel Blackboard to Provide Complete Infringement Contentions |
| March 27, 2007 | The court stated that Plaintiff may serve amended Infringement Contentions. If Plaintiff chooses not to serve amended Infringement Contentions, Plaintiff will be limited to its initial Infringement Contentions. |
| April 11, 2007 | Blackboard amended its Infringement Contentions. |
| May 1, 2007 | Blackboard amended its Infringement Contentions. |
| September 19, 2007 | Blackboard's expert, Dr. Mark Jones, set out its theory of joint direct infringement. He stated, at paragraph 148: "D2L and D2L's customer jointly directly infringe the asserted '138 patent claims by jointly assembling systems that include the infringing D2L products and/or make use of the D2L services such that the conditions giving rise to infringement are met." |
| October 3, 2007 | Desire2Learn provides the expert report of Dr. Dick Simmons, who rebuts Dr. Jones' theory of joint direct infringement. |
| October 18, 2007 | Dr. Jones served a supplemental report focusing on the use of Desire2Learn products by six of Desire2Learn's customers. |
| January 14, 2008 | Desire2Learn raises the issue of whether Blackboard has properly pled a theory of joint direct infringement. |

## II. Law

### A. Joint Direct Infringement

Title 35 U.S.C. § 271 sets forth claims for direct infringement, indirect infringement via active inducement and indirect infringement via contributory infringement. There is no separate cause of action for "joint infringement." Rather, "joint direct infringement has been established by *BMC Resources, Inc. v. Paymentech, L.P.,* 498 F.3d 1373 (Fed. Cir. 2007) as an act of direct infringement. When faced with a claim of direct infringement, a party cannot escape liability if it controlled or directed each step of the patented process. *Id.* at 1378 - 1381.

### B. Patent Rule 3-1

P.R. 3-1(c) provides the party asserting infringement must provide a chart identifying *specifically* where *each* element of *each* asserted claim is found within *each* Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identifying structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function. (emphasis added).

These contentions are a way to streamline the discovery process. *STMicroelectronics, Inc.*, 307 F.Supp.2d at 755. The contentions must be specific enough to give a defendant notice of plaintiff's infringement claims and must go beyond that provided by the mere language of the patent. *Id.*

3

### III. Analysis

Desire2Learn argues that it will be prejudiced because it was not given the benefit of the full and fair disclosure that the rules are intended to provide.

Blackboard disclosed its claim of direct infringement in its Complaint on July 26, 2006. Blackboard's infringement contentions disclosed that steps in claims 36-38 could be performed by a combination of the actions of D2L and its customers. To the extent that the infringement contentions are not definite enough with respect to joint direct infringement, Desire2Learn could have moved to strike those allegations at that time rather than wait for an *in limine* ruling a few days before trial.

Importantly, Blackboard provided the expert report of Dr. Mark Jones on September 19, 2007.  In his report, Dr. Jones provides his analysis of joint direct infringement. Desire2Learn did not object to Dr. Jones' report within the 3-week deadline required by the court's Scheduling Order.  In his October 18, 2007 report, Dr. Jones supplements his opinion by providing examples of allegedly infringing use by customers, namely The University of Arizona, The University of Iowa, Marquette University, Oklahoma State University, The Ohio State University, and Tennessee Board of Regents. Desire2Learn moved to strike Dr. Jones' supplemental report on the grounds that it is an improper sur-rebuttal.  The court denied Desire2Learn's motion to strike finding that Dr. Jones supplemented his opening report based upon depositions and documents produced after his initial report was served.

Desire2Learn failed to object to Dr. Jones' report on joint direct infringement until three weeks before trial. In fact, Desire2Learn waited until after the period for discovery had ended and three weeks before trial before first alleging that Blackboard waived its joint direct

infringement claim. Moreover, Desire2Learn has already provided a rebuttal report fully addressing any joint direct infringement claim.

Given that Desire2Learn failed to timely object to Dr. Jones' September 19, 2007 report, and that Desire2Learn has provided its own rebuttal report fully addressing joint direct infringement, the facts indicate that any prejudice is not great.

IT IS THEREFORE ORDERED that Desire2Learn's contention that Blackboard failed to properly plead or disclose a claim of "joint infringement" is **DENIED**.

IT IS FURTHER ORDERED that Desire2Learn's Motion in Limine [Doc. #287] is **DENIED.**

So **ORDERED** and **SIGNED** this **8**   day of **February, 2008.**

_____
Ron Clark, United States District Judge