IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BLACKBOARD, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 9:06-CV-155 |
| v. | § | |
| | § | |
| DESIRE2LEARN, INC. | § | JUDGE RON CLARK |
| | § | |
| *Defendant.* | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER CONSTRUING CLAIM TERM OF**
**UNITED STATES PATENT NO. 6,988,138**

Plaintiff, Blackboard, Inc. ("Blackboard"), alleges that Defendant Desire2Learn, Inc.("D2L") infringes U.S. Patent No. 6,988,138 (the ` 138 patent). Having carefully considered the patent, the prosecution history and the parties' briefs, the court now makes the following findings and construes the disputed claim term.

**I. LAW AND BACKGROUND**

The court incorporates by reference the law and background set out in the Honorable Earl Hines' Memorandum Opinion and Order Construing U.S. Patent No. 6,988,139 [Doc. #110, p. 2 - 5].

**II. CLAIM CONSTRUCTION OF "USER"**

Defendant Desire2Learn, Inc. requests the court to construe the term "user." Desire2Learn's proposed definition is "a physical user that interacts with the system." Blackboard argues that "user" should be defined as "the user's identity or account in the system."

It is clear from the parties' expert reports and summary judgment briefs that the parties have two very different constructions for the term "user." Each of the asserted claims, claims 36 -

38, contain the term "user." While the court has not explicitly construe "user," it has recognized that both parties' "proposed constructions focus on the standpoint of a user."  [Doc. #110 at 2]. The court has further noted that the "claim language and the specification teach that each user's level of access and control to course files is tied to that user's predetermined role (e.g. student, instructor, administrator)." *Id.* at 25-26.

As always, the court begins with an analysis of the claim language. The remaining independent method claim, claim 36, relates to a method of providing online education to a community of users. Step d indicates that it is a physical user who is able to access course files, as only a physical user would be able to have an established role as either a student or instructor.

Looking next at the specification, the patent describes a "user" using the personal pronoun "who," "he" or "him. *See* Fig. 37; '138 patent, col. 13, l. 155; '138 patent, col. 22, l. 3, '138 patent, col. 7, l. 58 ("Users (who may have one or several roles such as student, instructor, teaching assistant (TA), or administrator)." These personal pronouns denote a person, not a thing such as an account or user identity, which would have been denoted as "it."

The specification is replete with references to a physical user:

A user may be required to enter a login sequence into a user computer in order to be provided with access to course files associated with that user. '138 patent, col. 4, ll. 52 - 56.
Likewise, a synchronous communication tool accessible to student <u>users</u> enrolled in the course may be provided for enabling synchronous communication amongst the student <u>users.</u> '138 patent, col. 5, ll. 57 - 60.

. . . the present invention comprises a system and methods for the exchange of course content and related information between non-collocated instructor <u>users</u> and student <u>users.</u> An instructor <u>user</u> interacts with one or more non-collocated student <u>users</u> by using the system and methods . . . '138 patent, col. 7, ll. 25 - 35.

2

Moreover, it is obvious that the inventors knew the distinction between a physical user and a user account. *See* '138 patent, col. 21, l. 65 - col. 22, l. 6 (" . . . to create a new <u>user account</u> and enroll him in the course, by inputting name, address, etc. of the <u>user</u>, designating the <u>user's</u> <u>role (student, instructor, TA, grader, etc.)</u> . . ."). When discussing user accounts, the inventor would expressly identify them as such.

Blackboard argues that the preamble and the body of claim 36 require that the user be in the system. Blackboard's position stems from an erroneous reading of claim 36. It is the "online education method" that is "in a network based system." The users are *not* in the system. The intended purpose, as set forth in the preamble, is to provide the method "for a community of users," which is in the sense of making it accessible to physical users.

Blackboard also contends that two sections of the prosecution history support its construction. First, Blackboard points to the Examiner's interview summary dated 12/01/04, which states "Simonoff appears to not disclose multiple role simultaneously associated with a particular system user." Next, Blackboard points to appendices to a provisional application that purport to define user.

It is well established that the claim language and how the term "user" appears therein is controlling. *Phillips v. AWH Corp.,* 415 F.3d 1303, 1312 (Fed. Cir. 2005)(*en banc*)(citation omitted), *cert. denied,* 546 U.S. 1170, 126 S.Ct. 1332 (2006). The claim language must only be read "in view of the specification." Without an express definition being set forth by the patentee in the specification while he is being his own lexicographer, which is not the case here, such statements as Blackboard points to in the appendices are not controlling. Moreover, it is unclear whether the appendices were included in the filing of the utility application. Nonetheless, the

claim language is controlling and construction of "user" must only be consistent with the specification.

Accordingly, for the foregoing reasons, the court defines this term as follows:

"**User**" means: "a person who interacts with the system as an administrator, instructor or student, and who accesses the system by logging on with a user name and password, and then keys in information."

### III. CONCLUSION

The jury shall be instructed in accordance with the court's interpretations of the disputed claim term in the '138 patent.

So **ORDERED** and **SIGNED** this **11** day of **February, 2008.**

_____

Ron Clark, United States District Judge